UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONDAL COX,                                    Case No. 15-12472

            Plaintiff,                         David M. Lawson
v.                                             United States District Judge

COMMISSIONER OF SOCIAL SECURITY,               Stephanie Dawkins Davis
                                               United States Magistrate Judge
            Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 11, 14)**

**I.    PROCEDURAL HISTORY**

    A.    Proceedings in this Court

    On July 10, 2015, plaintiff filed the instant suit seeking judicial review of

the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  Pursuant

to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge David M.

Lawson referred this matter to Magistrate Judge Michael Hluchaniuk for the

purpose of reviewing the Commissioner's decision denying plaintiff's claims for a

period of disability, disability insurance benefits and supplemental security

income.  (Dkt. 2).  This matter was reassigned to the undersigned pursuant to

Administrative Order on January 5, 2016.  (*See* Text-only Order of Reassignment).

Both parties filed motions for summary judgment in this case.  (Dkt. 11, 14).  This

1

matter is now ready for report and recommendation.

      B.    <u>Administrative Proceedings</u>

      Plaintiff filed the instant claim for disability insurance benefits and supplemental security income on October 26, 2013, alleging disability beginning May 17, 2013.[1] (Dkt. 9-2, Pg ID 44). Plaintiff's claims were initially denied by the Commissioner on January 9, 2013. ( *Id.*) Plaintiff requested a hearing and on March 20, 2014, plaintiff testified before Administrative Law Judge ("ALJ") Gregory Holiday, who considered the case *de novo*. (Dkt. 9-2, Pg ID 57-96). In a decision dated April 25, 2014, the ALJ found that plaintiff was not disabled. (Dkt. 9-2, Pg ID 44-52). Plaintiff requested a review of this decision, and the ALJ's decision became the final decision of the Commissioner when the Appeals Council, on June 18, 2015, denied plaintiff's request for review. (Dkt. 9-2, Pg ID 1-6); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

      For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the decision of the Commissioner of Social Security be **AFFIRMED**.

---

[1] Plaintiff amended his alleged onset date from October 1, 2009, to May 17, 2013, at the hearing. (Dkt. 9-2, Pg ID 60).

## II.    FACTUAL BACKGROUND

A.    <u>ALJ Findings</u>

Plaintiff was born in 1963 and was 50 years old on the alleged onset date, May 17, 2013.  (Dkt. 9-2, Pg ID 49-50).  Plaintiff had past relevant work as a general laborer, delivery driver and machinist.  *Id*.  The ALJ applied the five-step disability analysis to plaintiff's claims and found at step one that plaintiff had not engaged in substantial gainful activity since the alleged on-set date to the date, May 17, 2013.  (Dkt. 9-2, Pg ID 47).  At step two, the ALJ found that plaintiff had the following severe impairments: chronic left foot pain, status post bypass surgery for left femoral artery occlusion, complaints of chronic right knee pain due to deformity, complaints of chronic low back pain due to degenerative lumbrosacral disc disease, recurrent symptoms of anxiety and depression, tobacco use disorder and alcohol abuse.  *Id*.   At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations.  (Dkt. 9-2, Pg ID 47-48).

The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform light work...

> except he can only occasionally operate foot controls
> with lower left extremity, cannot climb ladders, ropes or
> scaffolds, can only occasionally climb ramps and stairs,
> limited to only occasional stooping, crouching, kneeling
> or crawling, must be permitted to use a cane or other

> assistive device for ambulation, no exposure to
> hazardous machinery or unprotected heights, limited to
> simple, routine tasks in a low stress work environment
> defined as requiring only occasional decision making
> with no more than occasional changes in work setting,
> and is limited to no more than occasional interaction
> with the public and co-workers.

(Dkt. 9-2, Pg ID 49).  At Step Four, the ALJ found that plaintiff could not perform

his past relevant work.  (Dkt. 9-2, Pg ID 50).  However, the ALJ determined that,

considering plaintiff's age, education, experience, and RFC, there were jobs that

exist in sufficient numbers that plaintiff can perform and therefore, plaintiff had

not been under a disability from the alleged onset date through the date of the

decision.  (Dkt. 9-2, Pg ID 52).

     B.    <u>Plaintiff's Claims of Error</u>

     Plaintiff argues that the ALJ's decision of non-disability is not supported by

substantial evidence because the ALJ failed to give proper deference to plaintiff's

impaired ambulation.  (Dkt. 11, Pg ID 534-535).  Plaintiff specifically argues that

the ALJ's RFC for light work would require plaintiff to walk or stand for

significant portions of the day, and that such a requirement is impossible with his

impairment.  (Dkt. 11, Pg ID 534).  In support of his position, plaintiff recites

details of his vascular condition from the medical record.  (*Id.*)  Plaintiff also

argues that the VE testified at hearing that the jobs he identified would be difficult

with impaired ambulation.  (*Id.*)  On this basis, plaintiff contends that the ALJ's

RFC assessment is not supported by substantial evidence both because it conflicts

with objective medical evidence and with the vocational expert's opinions. (*Id.*)

Next, plaintiff argues that the ALJ erred in assessing plaintiff's credibility.

(Dkt. 11, Pg ID 535-537).  Specifically, plaintiff argues that the ALJ

mischaracterizes, embellishes or omits plaintiff's activities of daily living to

support his RFC findings.  (Dkt. 11, Pg ID 535).  According to plaintiff, the ALJ's

credibility assessment is not sufficiently specific to establish his reasons for giving

plaintiff's credibility the assigned weight and is not supported by substantial

evidence. (Dkt. 11, Pg ID 537).

Plaintiff argues that the ALJ committed reversible error by failing to order a

consultive examination of plaintiff in order to resolve uncertainty about plaintiff's

conditions. (Dkt. 11, Pg ID 538-539).  Plaintiff argues that the ALJ is required to

order such an examination if it could be reasonably expected to be of material

assistance in resolving the issue of disability. (Dkt. 11, Pg ID 538).  Plaintiff

further contends he was prejudiced by the lack of consultive examination, and thus

remand is appropriate.  (Dkt. 11, Pg ID 539).  Similarly, plaintiff argues that the

ALJ erred by failing to consider plaintiff's lack of medical insurance in

minimizing the severity of plaintiff's condition.  Specifically, plaintiff argues that

the ALJ found that plaintiff experienced no surgical complications and otherwise

concluded that plaintiff's ailments were less serious and limiting based, at least in

part, on a lack of medical records reflecting such complications.  Plaintiff suggests the lack of medical documentation of complications and other limitations arises not from a lack of severity of the condition, but from a lack of insurance to cover follow-up examinations and testing, which, according to plaintiff, would have demonstrated plaintiff's disability.  (Dkt. 11, Pg ID 539-540).

Finally, plaintiff argues that the ALJ's RFC is not supported by substantial evidence because the hypotheticals he posed to the VE did not include a sit/stand option. (Dkt. 11, Pg ID 540-542).  Nevertheless, the VE testified that the existing jobs within plaintiff's abilities all provided a sit/stand option.  (Dkt. 11, Pg ID 540).  Plaintiff argues that the sit/stand option conflicts with the ALJ's RFC providing that plaintiff was capable of light work, and that creating such a conflict was not harmless error because the VE did not identify or explain any deviation from the DOT, which does not account for sit/stand options.  (Dkt. 11, Pg ID 541).

C.      The Commissioner's Motion for Summary Judgment

The Commissioner contends that, contrary to plaintiff's argument, the ALJ's decision is supported by substantial evidence because the ALJ gave proper deference to plaintiff's ambulatory limitations by including the use of an assistive ambulatory device within the RFC.  (Dkt. 14, Pg ID 563-567).  Addressing plaintiff's recitation of details of his vascular condition, the Commissioner notes that the ALJ was concerned with what plaintiff could or could not do, not

what he did or did not suffer from, *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002). (Dkt. 14, Pg ID 564). The Commissioner contends that plaintiff suggests that the mere existence of these impairments is enough, but the Sixth Circuit has found otherwise. *Germany-Johnson v. Comm'r of Soc. Sec.*, 313 Fed. Appx. 771, 779 (6th Cir. 2008) (citing *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)) ("[T]he mere diagnosis of [an impairment], of course, says nothing about the severity of the condition."). (*Id.*) Moreover, the studies referenced by plaintiff led to emergency femoral artery bypass surgery on the left side the following day, and do not shed light on his ambulatory ability after the surgical intervention. (*Id.*)

The Commissioner further argues that plaintiff's ambulatory difficulties are adequately addressed by RFC because the ALJ reasonably relied on the objective examination findings showing normal functioning of the lower extremities and normal gait and station, as well as his activities of daily living, to find that plaintiff could perform light work with additional accommodations including use of a cane. (Dkt. 14, Pg ID 565-566). The Commissioner contends that the ALJ's decision should be affirmed because plaintiff has not identified any evidence demonstrating a functional limitation in ambulation that was not included the RFC finding or presented in the hypothetical to the vocational expert. (Dkt. 14, Pg ID 567).

As to plaintiff's arguments regarding the assessment of his credibility, the

7

Commissioner notes that the ALJ is in the best position to observe demeanor and to make an appropriate evaluation as to credibility and, thus, an ALJ's credibility assessment will not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). (*Id*.) Indeed, according to the Commissioner, "an administrative law judge's credibility findings are virtually 'unchallengeable.'" *Ritchie v. Comm'r of Soc. Sec.*, 540 Fed. Appx. 508, 511 (6th Cir. 2013) (citation omitted). The Commissioner notes that the ALJ gave supported reasons for discounting plaintiff's credibility, and his finding should not be disturbed. The ALJ explained that Plaintiff's allegations of disabling symptoms were not consistent with the absence of complications following his bypass surgery. (Dkt. 14, Pg ID 568). The Commissioner argues that the ALJ further supportably explained that Plaintiff's activities of living, including his ability to walk short distances, prepare simple meals, do light household chores, shop, and go out alone, were inconsistent with his allegations of debilitating impairments. See 20 C.F.R. §§404.1529(c)(3) and 416.929(c)(3); Social Security Ruling 96-7p, 1996 WL 374186, at *5 (ALJ may reasonably consider statements about a plaintiff's "daily activities" as part of the credibility assessment).

The Commissioner contends that the ALJ did not err by failing to order a consultative examination of plaintiff. The Commissioner notes that "an ALJ has the discretion to determine whether further evidence, such as additional testing or

expert testimony, is necessary." *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir.

2001).  According to the Commissioner, the duty to obtain additional evidence is

triggered only when it is necessary to resolve an ambiguity in the record, or when

there is insufficient evidence to determine the merits of the disability claim.  *Id*. at

355-56; 20 C.F.R. §§ 404.1519a(b), 416.919a(b).  Additionally, the Commissioner

argues that counsel's failure to make a request for a consultative examination

resulted in the waiver of this claim.  *Cyrus v. Astrue*, 2012 WL 2601495, at *8

(S.D. Ohio July 5, 2012), report and recommendation adopted, 2012 WL 3113224

(S.D. Ohio July 31, 2012) ("in this case Plaintiff made no formal request to expand

the record through a consultative examination at any point during the

administrative proceedings, including at the evidentiary hearing when he was

represented by counsel...Plaintiff appears to have waived this issue for purposes of

this appeal...").  (Dkt. 14, Pg ID 570).  Reciting entries from the medical record,

the Commissioner concludes that substantial evidence supports the ALJ's RFC

finding, and plaintiff has not identified any unresolved issue regarding his

functional abilities that required further development.  (Dkt. 14, Pg ID 573).

Similarly, the Commissioner argues that plaintiff's contentions regarding

his finances are unavailing. (*Id.*)  The ALJ's RFC finding is not predicated on a

lack of medical evidence that could be attributable to a lack of finances and, even

if it was, plaintiff would need to demonstrate how further medical evidence would

9

have tipped the scales in his favor. *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). (Dkt. 14, Pg ID 573). According to the Commissioner, the ALJ found that the medical record affirmatively showed that plaintiff "appeared to make a reasonably good recovery," a finding supported by the objective examination findings and observations of plaintiff's treatment providers, as well as Plaintiff's daily activities. (*Id.*) The Commissioner contends that plaintiff has not shown that additional testing was required to evaluate his claim, or that his ability to afford treatment was otherwise material to the ALJ's decision. (*Id.*) Furthermore, argues the Commissioner, his claim regarding his finances is not well-developed, because, even if plaintiff had identified a finding by the ALJ predicated on an absence of treatment records, plaintiff has not made any showing that he explored all of his options to afford additional treatment. *Cf.* SSR 82-59, 1982 WL 31384, at *4 (where a claimant asserts that he would follow prescribed treatment but cannot afford it, "[a]ll possible resources" must be explored and the claimant must document contacts with such resources as well as his financial circumstances); see also *Connolly v. U.S. Soc. Sec. Admin., Comm'r*, 2010 WL 148137, at *4 (D. N.H. Jan. 14, 2010) ("Plaintiff has not made the requisite showing that he tried to pursue therapy or to acquire prescription medication despite his financial limitations but to no avail, and his bald assertion now does not carry his burden of proof."). (Dkt. 14, Pg ID 574). The

Commissioner points out that the record contains evidence to the contrary, as plaintiff's medical records are replete with evidence that he is able to afford cigarettes and alcohol. *See Strong v. Soc. Sec. Admin*., 88 Fed. Appx. 841, 846 (6th Cir. 2004) (ALJ's.consideration of the claimant's smoking habit was relevant "in light of Claimant's assertion that he did not have the money for medical examination or treatment during the relevant period"). (*Id.*)

Finally, the Commissioner notes that plaintiff's position regarding the VE's application of the sit/stand option is unclear, but plaintiff seems to argue that he required a sit/stand option but faults the ALJ for not including that limitation in the RFC finding. (Dkt. 14, Pg ID 575). The Commissioner maintains that the failure to include limitations in the RFC is harmless when the hypothetical contains those limitations. *Jennings v. Comm'r of Soc. Sec.*, 2011 WL 7025815, at *8-9 (E.D. Mich. Oct. 31, 2011), report and recommendation adopted, 2012 WL 113491 (E.D. Mich. Jan. 13, 2012). (Dkt. 14, Pg ID 575). As noted by the Commissioner, in this case, the ALJ not only questioned the vocational expert about whether there were jobs that an individual with the assessed RFC could perform, on questioning from plaintiff's counsel, the VE further testified that the jobs he had identified could also be performed by an individual who required a sit/stand option. (*Id.*) The VE testified that his testimony was consistent with the DOT. (*Id.*) He added that the only exception was his testimony about the sit/stand

11

option, because that limitation is not addressed in the DOT, but confirmed that his

opinion was based on his "experience placing people in the local labor market."

(*Id.*)  Thus, according to the Commissioner, any error in the RFC not containing a

sit/stand option was harmless. *See Jennings*, 2011 WL 7025815, at *8-9. (*Id.*)

    D.    <u>Plaintiff's Reply Brief</u>

      In his reply brief, plaintiff asserts that defendant is "wrong when he states

that the ALJ did account for the plaintiff's use of a cane in the RFC assessment."

(Dkt. 15, Pg ID 578).  Plaintiff argues that the diagnoses he cites to are objective

medical evidence to support the treating doctor's opinion that plaintiff has an

antalgic gait and should use a cane. (*Id.*).  Plaintiff cites to the medical record to

support his claim that he has an abnormal gait and a diminished capacity to

ambulate effectively, and suggests that defendant belittles this argument by noting

that plaintiff's doctor "never mentions the use of a cane."  (Dkt. 15, Pg ID 579-

580).  Plaintiff counters this by emphasizing that the words "cane" and "antalgic"

are handwritten by plaintiff's doctor in October 2013.  (Dkt. 15, Pg ID 580).

      Plaintiff further counters the Commissioner's support for the ALJ's

credibility determination by arguing that the ALJ's analysis of Plaintiffs credibility

is not supported by substantial evidence in the record.  (*Id.*)  Plaintiff contends that

not only is the ALJ's analysis cherry picked, but it altogether ignores significant

diagnoses and findings. (*Id.*) Plaintiff maintains that the ALJ inaccurately

summarized the evidence and did not articulate his reasoning enough to satisfy the requirements of the regulations, case law, and SSR 96-7p.  (Dkt. 15, Pg ID 580-581).  Instead of performing a proper analysis of the medical evidence under agency regulations and controlling case law, plaintiff contends that the ALJ cherry-picked select portions of the medical record or wrongly claimed Plaintiff alleged certain severe impairments, to discredit him.  (Dkt. 15, Pg ID 581).

Plaintiff asserts that he did not waive the issue of requiring a consultative examination because counsel pointed out in his pre-hearing brief that no consultative examination had been done and stated at the hearing that an x-ray was not done.  (*Id.*).  Moreover, he argues that because the ALJ "obviously was struggling with plaintiff['s]....impaired ambulation," and knew plaintiff had no medical insurance, he was obligated to order a consultative examination.  (*Id.*)

Finally, plaintiff again advances the argument that the VE testified that the jobs plaintiff could perform had a sit/stand option despite the fact that the ALJ did not pose that limitation to the VE in any hypothetical, and that this inconsistency creates a conflict between the VE's testimony and the DOT.  (Dkt. 15, Pg ID 582).  Consequently, plaintiff concludes that the VE's testimony fails to provide substantial evidence that plaintiff can perform other work.  (*Id.*)

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case

14

de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in

the record substantial evidence to support a different conclusion." *McClanahan v.*

*Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800

F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a

scintilla of evidence but less than a preponderance; it is such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486

F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard

presupposes that there is a 'zone of choice' within which the Commissioner may

proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027,

1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record

only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir.

2001). When reviewing the Commissioner's factual findings for substantial

evidence, a reviewing court must consider the evidence in the record as a whole,

including that evidence which might subtract from its weight. *Wyatt v. Sec'y of*

*Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of

appeals and the district court may look to any evidence in the record, regardless of

whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc.*

*Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that

either the ALJ or the reviewing court must discuss every piece of evidence in the

administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508

16

(6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

B.   Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq.*) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq.*).  Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled.  F. Bloch, Federal Disability Law and Practice § 1.1 (1984).  While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or

17

which has lasted or can be expected to last for a
continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in
> substantial gainful activity, benefits are denied without
> further analysis.
>
> Step Two:  If the claimant does not have a severe
> impairment or combination of impairments, that
> "significantly limits ... physical or mental ability to do
> basic work activities," benefits are denied without
> further analysis.
>
> Step Three:  If plaintiff is not performing substantial
> gainful activity, has a severe impairment that is expected
> to last for at least twelve months, and the severe
> impairment meets or equals one of the impairments listed
> in the regulations, the claimant is conclusively presumed
> to be disabled regardless of age, education or work
> experience.
>
> Step Four:  If the claimant is able to perform his or her
> past relevant work, benefits are denied without further
> analysis.
>
> Step Five: Even if the claimant is unable to perform his
> or her past relevant work, if other work exists in the
> national economy that plaintiff can perform, in view of
> his or her age, education, and work experience, benefits
> are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing,

20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner

makes a dispositive finding at any point in the five-step process, the review

terminates." *Colvin*, 475 F.3d at 730.

 "Through step four, the claimant bears the burden of proving the existence

and severity of limitations caused by her impairments and the fact that she is

precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited

with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step

without a finding that the claimant is not disabled, the burden transfers to the

Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).

At the fifth step, the Commissioner is required to show that "other jobs in

significant numbers exist in the national economy that [claimant] could perform

given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at

241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

 If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter

differently and even where substantial evidence supports the opposite conclusion.

*McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where

substantial evidence supports the ALJ's decision, it must be upheld.

C.    Analysis

    1.    *Impaired Ambulation*

Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ did not properly consider plaintiff's impaired ambulation. The Commissioner refutes this argument by pointing out that the ALJ indeed gave deference to the plaintiff's ambulatory difficulties by including the use of an assistive ambulatory device within the RFC. Plaintiff argues that the Commissioner is wrong in stating that the ALJ accounted for plaintiff's use of a cane in his RFC assessment.

The ALJ clearly accounts for plaintiff's ambulatory difficulties within the RFC by indicating that plaintiff "must be permitted to use a cane or other assistive device for ambulation." (Dkt. 9-2, Pg ID 49). Accordingly, the undersigned finds that plaintiff's argument that the ALJ did not properly consider or address plaintiff's ambulatory difficulties is without merit. Plaintiff's motion should be denied in this regard.

Plaintiff's related argument, that the VE testimony regarding jobs plaintiff could continue to perform was not supported by substantial evidence, is equally without merit. Plaintiff argues that the VE testified that the jobs he identified would be problematic to perform if plaintiff had impaired ambulation. (Dkt. 11, Pg ID 534, citing Dkt. 9-2, Pg ID 91-92). This argument actually cites to the VE's

response to plaintiff's counsel's questions regarding the impact of taking more or longer breaks during the course of the workday, not impaired ambulation. (Dkt. 9-2, Pg ID 91-92). To the contrary, when the ALJ presented the VE with a hypothetical specifically limiting the person to "jobs that can be performed while using a handheld assisted device, such as a cane, principally for ambulation" (Dkt. 9-2, Pg ID 87-88), the VE testified that this limitation eliminated the cleaner position upon which he earlier testified, but plaintiff could still perform the hand packager position at a reduced level, with 2,500 positions in the regional labor market and greater than 100,000 positions in the national market. He could also still perform the small products assembler position, with 2,500 positions regionally and 100,000 positions nationally, and a visual inspector position with 1,000 regional openings and greater than 80,000 national openings. (Dkt. 9-2, Pg ID 88).

Additionally, plaintiff argues that the VE erroneously testified that his testimony was consistent with the Dictionary of Occupational Titles ("DOT"). Plaintiff asserts that the DOT does not account for the sit/stand option imposed by the VE, and thus a conflict exists between the VE's testimony and the DOT. According to plaintiff, only after determining whether the VE has deviated from the DOT, and whether any deviation is reasonable, can an ALJ properly rely on the VE's testimony as substantial evidence to support a disability determination.

*Massachi v. Astrue*, 486 F .3d 1149 (9th Cir. 2007).

When the testimony of a vocational expert differs from the DOT, the ALJ may rely on the experience of the VE. *Conn v. Sec'y of Health and Human Servcs.*, 51 F.3d 607, 610 (6th Cir. 1995). Here, contrary to plaintiff's assertion that the VE erroneously testified that his findings were consistent with the DOT, the VE later corrected himself, testifying that "the sit/stand option is not an issue addressed by the DOT and my opinion in this regard is based upon my experience placing people in the local labor market." (Dkt. 9-2, Pg ID 93). Accordingly, the ALJ was well within his authority to rely on the VE's testimony in reaching his decision that jobs existed that plaintiff could perform and the decision should not be disturbed.[2]

## 2.   *Credibility Determination*

"[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r*, 127 F.3d 525, 531 (6th Cir. 1997). But credibility assessments are not insulated from

---

[2] Although the ALJ cites the VE's erroneous testimony regarding consistency with the DOT (Dkt. 9-2, Pg ID 51), it is clear from the exchange between the VE and the ALJ when the VE corrects his earlier testimony that the ALJ understood that the VE's testimony regarding the hypothetical containing the assistive ambulatory device differed from the DOT. (Dkt. 9-2, Pg ID 93). Further, the ALJ's decision clearly relies upon the VE's testimony, as opposed to the DOT, in that the ALJ adopted the limitation within the hypothetical which created the conflict between the VE's testimony and the DOT.

judicial review.  Despite the deference that is due, such a determination must nevertheless be supported by substantial evidence.  *Id.*  An ALJ's credibility determination must contain "specific reasons . . . supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.  "It is not sufficient to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'"  *Id.*  "[T]he adjudicator may find all, only some, or none of an individual's allegations to be credible" and may also find the statements credible to a certain degree.  *Id.*

Further, to the extent that the ALJ finds that plaintiff's statements are not substantiated by the objective medical evidence in the record, the regulations explicitly provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements."  20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2).  The ALJ must consider: (1) the claimant's daily activities, (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms, (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other

symptoms, (5) treatment, other than medication, for symptom relief, (6) any measures used to relieve the symptoms, and (7) functional limitations and restrictions due to the pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); see also *Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994) (applying these factors).

Here, the ALJ considered and discussed plaintiff's hearing testimony and other subjective complaints in conjunction with the record evidence, and he found that plaintiff's allegations were not entirely credible. (Dkt. 9-2, Pg ID 50). In reaching this determination, the ALJ reasoned that the objective medical evidence did not support plaintiff's allegations. (*Id.*) Additionally, the ALJ pointed out plaintiff's stated abilities to walk short distances, prepare simple meals, do light household chores, shop and go out alone. (*Id.*) The ALJ notes that plaintiff lives alone in an upper flat, indicating that plaintiff can routinely climb stairs. (*Id.*) As discussed above, the ALJ provided specific reasons for discounting plaintiff's credibility in his decision, many of which apply the factors set forth in 20 C.F.R. § 404.1529(c)(3). Thus, the ALJ's decision is sufficiently specific to make clear to plaintiff and to the Court the weight that he gave to plaintiff's statements and the reasons for that weight. The ALJ's assessment of plaintiff's credibility is supported by substantial evidence and should not be disturbed; plaintiff's motion should be denied in this regard.

24

3.      *Consultative Examination*

Plaintiff argues that the ALJ committed reversible error by failing to order consultive examination.  Plaintiff contends a consultive examination was necessary to resolve uncertainty about plaintiff's impaired ambulation and to compensate for gaps in the medical record resulting from plaintiff's lack of medical insurance coverage.  The undersigned is not persuaded that either of these proffered reasons required the ALJ to request a consultative examination before issuing his decision.

First, as noted by the Commissioner, plaintiff waived this issue by failing to specifically request an expansion of the record through a consultative examination at any point during the administrative proceedings, including the hearing.  *See Cyrus v. Astrue*, 2012 WL 2601495, at *8 (S.D.Ohio, July 5, 2012), report and recommendation adopted, 2012 WL 3113224 (S.D.Ohio, July 31, 2012). Moreover, even if plaintiff had not waived this issue, as discussed *supra*, the asserted ambiguity regarding plaintiff's impaired ambulation is nonexistent given that the ALJ found that plaintiff indeed experienced difficulties with ambulation, and incorporated the use of an assistive ambulatory device, such as a cane, as part of plaintiff's RFC.  Hence, any ambiguity was resolved in plaintiff's favor.

Furthermore, plaintiff has not demonstrated or even suggested how further medical evidence would have altered the ALJ's decision.  *See Gooch v. Sec'y of*

*Health & Human Servs.,* 833 F.2d 589, 592 (6th Cir. 1987) (a more detailed medical record does not compel the conclusion that plaintiff is disabled).  The ALJ found the record sufficient to determine that plaintiff made a reasonably good recovery without any surgical or postoperative complications from his fermoral arterial bypass.  (Dkt. 9-2, Pg ID 50).  Consequently, his alleged inability to afford additional medical treatment is inapposite.  Moreover, even if it were pertinent, plaintiff has not made the requisite showing that he tried to pursue medical treatment but was thwarted by the excessive cost.  *See* SSR 82-59, 1982 WL 31384, at *4; *Connolly v. Comm'r of Soc. Sec.*, 2010 WL 148137, at *4 (D.N.H., Jan. 14, 2010).

For all of the above reasons, the undersigned finds that the ALJ was well within his discretion, and thus did not commit reversible error, in not ordering a consultative examination of plaintiff prior to issuing his decision of non-disability.

**IV.   RECOMMENDATION**

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service,

26

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health*

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response

Date: August 19, 2016                    s/Stephanie Dawkins Davis
                                          Stephanie Dawkins Davis
                                          United States Magistrate Judge

27

## <u>CERTIFICATE OF SERVICE</u>

    I certify that on <u>August 19, 2016,</u> I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

s/Tammy Hallwood_____
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov

28