UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONDAL COX,

        Plaintiff,                       Case Number 15-12472
                                           Honorable David M. Lawson
v.                                          Magistrate Judge Stephanie Dawkins Davis

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT**

The plaintiff filed the present action on July 10, 2015 seeking review of the Commissioner's decision denying the plaintiff's claims for disability and supplemental security income benefits under Title II and Title XVI of the Social Security Act. The case was referred to United States Magistrate Judge Stephanie Dawkins Davis's predecessor, and then to her, under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgement to reverse the decision of the Commissioner and remand the case for further consideration by the administrative law judge. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Davis filed a report on August 19, 2016 recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections. The matter is now before the Court.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the file, the report and recommendation, the plaintiff's objections, and the Commissioner's response, and has made a *de novo* review of the administrative record in light of the parties' submissions.

The plaintiff, who is now 53 years old, filed his applications for disability insurance and supplemental security income benefits on October 26, 2012, when he was 49. The plaintiff has a limited education, but he speaks English and has worked as a general laborer, delivery driver, and machinist. In the applications that are the subject of the present appeal, the plaintiff alleged a

disability onset date of October 1, 2009, although he amended that date at the administrative hearing to May 7, 2013. The plaintiff has been diagnosed with chronic left foot pain, left femoral artery occlusion (status post surgical bypass), right knee pain due to deformity, low back pain due to degenerative lumbosacral disc disease, recurrent anxiety and depression, tobacco use disorder, and alcohol abuse.

The plaintiff's applications for disability and SSI benefits were denied initially on January 2, 2013. The plaintiff timely filed a request for an administrative hearing, and on March 20, 2014, the plaintiff appeared before Administrative Law Judge (ALJ) Gregory Holiday. On April 25, 2014, ALJ Holiday issued a written decision in which he found that the plaintiff was not disabled. On June 18, 2015, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. The plaintiff filed his complaint seeking judicial review on July 10, 2015.

ALJ Holiday reached his conclusion that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §§ 404.1520, 416.920. He found that the plaintiff had not engaged in substantial gainful activity since May 17, 2013 (step one); the plaintiff suffered from chronic left foot pain, left femoral artery occlusion (status post surgical bypass), right knee pain due to deformity, low back pain due to degenerative lumbosacral disc disease, recurrent anxiety and depression, tobacco use disorder, and alcohol abuse, impairments which were "severe" within the meaning of the Social Security Act (step two); none of those impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff could not perform his previous work as a general laborer, delivery driver, or machinist — all of which required a medium exertional level of effort — because each would exceed his current functional capacity (step four).

In applying the fourth and fifth steps, the ALJ concluded that the plaintiff had the residual functional capacity (RFC) to perform a limited range of light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that he (1) could only occasionally operate foot controls with his left leg; (2) could not climb ladders, ropes, or scaffolds; (3) could only occasionally climb ramps or stairs; (4) must be limited to only occasional stooping, crouching, kneeling, or crawling; (5) must be allowed to use a cane or other assistive device for walking; (6) must have no exposure to hazardous machinery or unprotected heights; (7) could only perform simple, routine tasks in a low-stress work environment requiring only occasional decision making or changes in work setting; and (8) must have no more than occasional interaction with the public and co-workers. A vocational expert testified that the plaintiff could perform unskilled light work such as hand packer (12,500 jobs in the region) and cleaner (15,000 jobs regionally). Based on those findings and using Medical Vocational Rule 202.11 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.

At the heart of the dispute in this case is the ALJ's determination of the plaintiff's RFC to perform substantial gainful activity. The crux of that issue focuses on the plaintiff's need for an ambulatory assistive device — a cane — to walk. The plaintiff maintains that the ALJ did not emphasize that limitation enough in determining the RFC, and that the ALJ did not credit the plaintiff's description of his own limitations.

At the administrative hearing, the plaintiff testified that he indeed uses a cane to help him walk. He said that he takes short walks and uses a cane, but he gets winded during long walks so he takes his crutches. Tr 31. He can only walk "a little ways" on his own. Tr 31. He acknowledged that he lives alone in an apartment above his mother's dwelling. Tr. 32-33. He can cook, but he

cannot do laundry because the washer is in the basement, and, because he lives on the second floor, he cannot carry laundry down two flights of stairs. Tr. 34. He shops for food with his mother, but cannot walk down every aisle with her. He uses a cane at the store. Tr. 35. He watches television most of the day, but midday he walks around the block "to get everything moving." Tr. 36. He had an auto accident several years ago that shattered his right kneecap, but did not start using a cane until after he had his artery surgery that led to his disability. Tr. 38. He does not drive, because he cannot afford to pay a fine to reinstate his license. Tr. 41. He walks around the block daily most days, a little farther on good days, and not at all on bad days. Tr. 42. Bad days are four to eight per month. Tr. 52. He does not know how long he can stand at a time. Tr. 43. He is able to lift and carry a gallon of milk. Tr. 44. He has pain in his left foot daily. Tr. 45. He plans to have another surgery on his right leg for clogged arteries. Tr. 49. He also may need his right knee replaced, and has recently been wearing a knee brace. Tr. 51. He does not have medical insurance. He is seeing doctors by "selling off everything I got" to cover the co-payment of $65. Tr. 52.

### 1. First Objection

In his first objection, the plaintiff argues that the ALJ failed adequately to account for the fact that the plaintiff has problems sitting and standing, which were not adequately addressed by the limitation in the hypothetical that the plaintiff be allowed to use a cane to help him stand and walk. The plaintiff argues that the vocational expert testified that many of the jobs that he identified as being within the plaintiff's functional capacity would be difficult to perform if a person needed to use a cane to sit or stand, due to challenges remaining at a work station. The plaintiff also contends that he needs to use both hands to steady himself when sitting or standing up, and that he therefore would have a hard time holding a cane while changing positions.

The magistrate judge dispensed with that argument by noting that the ALJ accounted for the use of a cane in his RFC finding. She also rejected the plaintiff's argument that the vocational expert (VE) did not properly factor the sit/stand option when rendering his opinion about available jobs because the VE testified that he accounted for that limitation and based his assessment on, among other things, his own experience in placing employees in the labor market.

The plaintiff attempts to avoid those conclusions by raising the specter of a two-handed effort needed to alternate between standing and sitting. But there is no evidence in the record to support that assertion. The plaintiff himself never described that need, and there is no documentation in the administrative record to support it.

The plaintiff also contends that the Sixth Circuit held in *Wages v. Secretary of Health & Human Services*, 755 F.2d 495 (6th Cir. 1985), that substantial evidence does not support an ALJ's finding that a claimant can perform work with a sit/stand option when a claimant must alternate between sitting and standing for comfort. That case does not support the plaintiff's argument. Rather, in *Wages*, the court merely held that reliance on the grid to reach a not-disabled conclusion would be erroneous because a sit/stand requirement would limit a claimant's ability to perform a full range of sedentary work. 755 F.2d at 499 ("Because the evidence showed that Wages must be allowed to alternate between sitting and standing for her comfort, we find that there was not substantial evidence to support the ALJ's conclusion that Wages could perform sedentary work. Consequently, reliance on the grid was error.").

The Court agrees with the magistrate judge's conclusion that the plaintiff's first argument lacks merit. His first objection will be overruled.

2. Second Objection

In his second objection, the plaintiff argues that the ALJ did not state a sufficient basis for his finding that the plaintiff's testimony was not credible, but instead merely "cherry picked" observations from the medical record that supported the finding of no disability, and then disregarded the plaintiff's testimony about his condition and limitations as describing exaggerated symptoms that were inconsistent with those isolated portions of the medical record. The plaintiff contends that the ALJ failed to consider all of the medical evidence in the record or to consider whether any of his specific complaints were consistent with the record.

That argument does not square with the record. The plaintiff correctly describes the applicable law. When a claimant's testimony is rejected on the ground that credibility is lacking, the ALJ is obligated to explain in some detail the reasons that led to the rejection. The Sixth Circuit explained:

> Social Security Ruling 96-7p also requires the ALJ explain his credibility determinations in his decision such that it "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." . . . In other words, blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence.

*Rogers v. Comm'r of Social Sec.*, 486 F.3d 234, 248 (6th Cir. 2007); *see also Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir.1985) ("In the absence of an explicit and reasoned rejection of an entire line of evidence, the remaining evidence is 'substantial' only when considered in isolation. It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review.") (quoting *Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir. 1984)). However, as

the magistrate judge concluded, the ALJ fulfilled that obligation. He explained that he relied on the evidence of normal physical examination findings and observations of normal gait and station, and the plaintiff's own reports, including his testimony, that he lived alone in an upper flat, he went for a walk around the block most days and visited his mother frequently (which required him to climb stairs at least twice per day), and that he was able to walk short distances, prepare simple meals, do light household chores, shop, and go out alone. Tr. 50.

The plaintiff contends that there is other evidence that undercuts those findings. But that does not upset the conclusion that substantial evidence supports the ALJ's decision. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983). The reviewing court must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decisionmakers can go either way, without interference from the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (internal quotes and citations omitted).

When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *see also Jordan v.*

*Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Instead, the Court must uphold "the ALJ's decision if there is 'such relevant evidence as a reasonable mind might accept' as sufficient to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001 (citation omitted)). "The substantial evidence standard is less exacting than the preponderance of evidence standard." *Ibid.* (citing *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996). That standard has been met on this record. The second objection will be overruled.

### 3. Third Objection

In his third objection, the plaintiff argues that the ALJ should have ordered a consultative examination to assess the plaintiff's ambulatory limitations, and improperly relied on the plaintiff's failure to seek medical treatment as evidence that his symptoms were less severe than he claimed in his testimony, disregarding the fact that the plaintiff has poor insurance coverage and could not afford to pay for needed diagnoses and treatment on his own. The plaintiff contends that he argued before the ALJ that further medical consultations were needed adequately to identify and treat all of his orthopedic problems, but he could not afford the needed tests and treatment, and he should not be denied benefits merely because he cannot afford the medical attention required to substantiate his disabling conditions. He also contends that the magistrate judge overlooked post-surgical notes documenting complications in his recovery and resulting compromised mobility, and improperly concluded that the plaintiff recovered from his surgery with few complications.

The record does not support these contentions. There was no request by the plaintiff or his attorney at the administrative hearing or elsewhere to develop the record further on these points. And there is nothing to suggest that additional medical examinations would further illuminate the

issue. The ALJ accounted adequately for the plaintiff's need to use a cane to walk and fashioned his RFC finding appropriately. The plaintiff's third objection will be overruled.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching her conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #16] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #17] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #11] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #14] is **GRANTED**. The findings of the Commissioner are **AFFIRMED**.

        s/David M. Lawson
        DAVID M. LAWSON
        United States District Judge

Dated: October 13, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 13, 2016.

        s/Susan Pinkowski
        SUSAN PINKOWSKI